**FILED**
**U.S. District Court**
**District of Kansas**
04/13/2026
**Clerk, U.S. District Court**
**By:** SND **Deputy Clerk**

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

HOWARD RAY PRUITT,

                **Petitioner,**

    **v.**                                  **CASE NO. 26-3058-JWL**

GLORIA GEITHER,

                **Respondent.**

## MEMORANDUM AND ORDER

This matter is a pro se petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 by Petitioner Howard Ray Pruitt, a state prisoner incarcerated at Lansing Correctional Facility in Lansing, Kansas. Petitioner has paid the filing fee, which means that the pending motion for leave to proceed in forma pauperis (Doc. 7) will be denied as moot. The Court has begun its initial review of the petition and has determined that it requires additional information from Petitioner. Thus, Petitioner will be granted time in which to provide the information, identified below, to the Court.

### Background

In 2017, after a jury in Butler County, Kansas convicted Petitioner of first-degree murder, the state district court sentenced Petitioner to life without the possibility of parole for 25 years. (Doc. 1, p. 1-2.) *See also State v. Pruitt*, 310 Kan. 952, 961, 964 (2019) (*Pruitt I*). Petitioner pursued a direct appeal and on December 6, 2019, the Kansas Supreme Court ("KSC") affirmed the conviction. *Pruitt I*, 301 Kan. at 952-53. Petitioner advises that he did not file a petition for writ of certiorari in the United States Supreme Court. (Doc. 1, p. 3.)

At some point in 2019, however, Petitioner filed in Butler County District Court a motion seeking habeas corpus relief under K.S.A. 60-1507. *Id.* The state district court denied the motion

1

in April 2022 and Petitioner appealed to the Kansas Court of Appeals ("KCOA"). *Id.*; *See also Pruitt v. State*, 2025 WL 944412, *1 (Kan. Ct. App. Mar. 28, 2025) (unpublished) (*Pruitt II*), *rev. denied* Jun. 27, 2025. On March 28, 2025, the KCOA issued an opinion affirming the denial of the K.S.A. 60-1507 motion. *Pruitt II*, 2025 WL 944412 at *1. The KSC denied the Petitioner's petition for review on June 27, 2025.

At various points in the petition now before this Court, Petitioner states that he filed a second K.S.A. 60-1507 motion in state district court on February 8, 2026. (*See, e.g.,* Doc. 1, p. 9 and 12.) But in the space on the required form for providing information about this second K.S.A> 60-1507 motion, Petitioner indicates that other than his first K.S.A. 60-1507 motion, no "other petitions, applications, or motions concerning this judgment of conviction" have been filed in "any state court." *Id.* at 4. This inconsistency will be addressed in greater detail later in this order. In any event, on March 23, 2026, Petitioner timely filed the petition for writ of habeas corpus that began the case currently before this Court. (Doc. 1.) Therein, he asserts eight grounds for relief and he has left blank the portion of the form for identifying the relief sought. *Id.*

## Rule 4 Review

Rule 4 of the Rules Governing § 2254 Cases in the United States District Court requires the Court to review a habeas petition and to dismiss it "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rules Governing § 2254 Cases, Rule 4, 28 U.S.C.A. foll. § 2254. Because Petitioner is proceeding pro se, the Court liberally construes the petition, but it may not act as Petitioner's advocate. *See James v. Wadas*, 724 F.3d 1312, 1315 (10th Cir. 2013). "[T]he court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

**Exhaustion**

"'A threshold question that must be addressed in every habeas case is that of exhaustion.'" *Fontenot v. Crow*, 4 F.4th 982, 1018 (10th Cir. 2021) (quoting *Harris v. Champion*, 15 F.3d 1538, 1553 (10th Cir. 1994)). Generally speaking, to satisfy the exhaustion requirement, Petitioner must have presented the very issues raised in the federal petition to the Kansas appellate courts, which must have denied relief. *See Picard v. Connor*, 404 U.S. 270, 275-76 (1971); Kansas Supreme Court Rule 8.03B(a) ("In all appeals from criminal convictions or post-conviction relief on or after July 1, 2018, . . . when a claim has been presented to the Court of Appeals and relief has been denied, the party is deemed to have exhausted all available state remedies.").

The purpose of the exhaustion requirement is to "give state courts a fair opportunity to act on [a Petitioner's] claims." *O'Sullivan v. Boerckel*, 526 U.S. 838, 844 (1999) (citation omitted). The United States Supreme Court has held that before a state prisoner may pursue federal habeas relief on the grounds that his or her federal constitutional rights have been violated, "the federal claim must be fairly presented to the state courts." *See Picard*, 404 U.S. at 275. This requirement "reflects a policy of federal-state comity" and is "'an accommodation of our federal system designed to give the State an initial "opportunity to pass upon and correct" alleged violations of its prisoners' federal rights.'" *Id.* (citations omitted). In other words, the state courts must have the first chance to remedy violations of the rights guaranteed to state prisoners who are sentenced for violations of state law, even when the rights in question are guaranteed by the United States Constitution. *See id.* at 275-76.

The form on which petitioners are required to submit a petition seeking relief under 28 U.S.C. § 2254 includes for each asserted ground a place to explain how the claim was exhausted or, if it was not exhausted, to explain why. (*See* Doc. 1, p. 5.) In these sections related to Grounds

One through Seven, Petitioner advises that each ground has not yet been presented to or ruled on by the Kansas appellate courts but it is raised in a currently pending K.S.A. 60-1507 motion. (Doc. 1, p. 5, 7, 9-10, 12, 16, 18, and 20.) Petitioner has left blank the exhaustion section related to Ground Eight. *Id.* at 22-23. In another part of the form, however, Petitioner advises that "Grounds I-VIII" are raised in K.S.A. 60-1507 case currently pending in Butler County District Court. *Id.* at 12. As noted above in the "Background" section of this order, the information in the petition regarding this second 60-1507 case is not entirely consistent.

Liberally construing the petition as a whole, though, it appears that Petitioner intends to inform this Court that none of the grounds for relief asserted in the petition in this case have been exhausted, but all of those grounds for relief are raised in a second K.S.A. 60-1507 motion he filed in state district court in February 2026. This understanding is supported by the "Motion/Request for a Stay of Brief and Petition for Review Proceeding Pending Outcome of State Court Appeal on Unresolved Issues" that Petitioner filed at the same time as his petition. (Doc. 3.)

In the motion, Petitioner explains that he believes the deadline for filing his § 2254 petition was March 25, 2026. (Doc. 3, p. 1.) He further explains that counsel during his first K.S.A. 60-1507 proceeding "did not raise any issues of constitutional merit" and Petitioner's independent review of the record revealed "five issues of constitutional merit not previously briefed," so in February 2026, Petitioner filed a second K.S.A. 60-1507 motion in state district court. *Id.* at 2. Petitioner then identifies for this Court the issues he raised in the second K.S.A. 60-1507 motion. *Id.* at 2. Acknowledging this Court's exhaustion requirement, Petitioner asks this Court to stay this federal habeas case and hold it in abeyance until he has exhausted the relevant issues in state court. *Id.* at 2-3.

The motion also states:

> [O]n March 13th, 2026 all of defendant's motions were returned to him under the guise that he failed to submit to the State Court a Civil Information Cover Sheet. The Butler Co[unty District Court] informed the petitioner that he *must also submit his own witness summons and subpoenas, at his own expense, prior to being allowed to file the Actual Innocence Claim 1507, i.e. an attempt to impede his access to the Court.

*Id.* at 3 (all errors in original). This language seems to reflect that Petitioner may not have a K.S.A. 60-1507 motion currently pending in state district court after all.

Even when the petition and the motion to stay are liberally construed, they leave this Court requiring further clarification of certain points. Petitioner will therefore be granted time in which to file a written response to this order that provides additional information about his state court litigation. In the written response, Petitioner first must inform the Court whether he currently has a K.S.A. 60-1507 motion pending in the state district court. In other words, has Petitioner's second K.S.A. 60-1507 motion been filed and assigned a case number? If so, Petitioner should provide this Court with that case number and the date that the motion was filed. If possible, Petitioner should provide this Court with a copy of the motion that was filed.

Second, if Petitioner cannot provide a copy of the K.S.A. 60-1507 motion that was filed in the state district court in 2026, he should advise this Court, in writing, of the issues raised in that motion. The Court notes that the motion to stay indicates that Petitioner raised five issues in the second K.S.A. 60-1507 motion, but at another point it lists six issues that were raised in the motion. The Court further notes that the § 2254 petition that began this federal habeas case contains eight grounds for relief. Petitioner should clarify to this Court whether all eight grounds in the federal habeas petition are contained in a K.S.A. 60-1507 motion that is currently pending in the state district court.

When the Court receives this additional information, it will resume the Rule 4 review of the petition and issue further orders as necessary, including a ruling on the motion to stay this

matter and hold it in abeyance. If Petitioner fails to respond to this order on or before **May 20, 2026**, this case may be dismissed without prejudice and without further prior notice to Petitioner.

**IT IS THEREFORE ORDERED** that the motion for leave to proceed in forma pauperis (**Doc. 7**) is **denied as moot** because the filing fee has been paid in full.

**IT IS FURTHER ORDERED** that Petitioner is granted to and including **May 20, 2026**, to file a written response containing the information identified in this order. If possible, Petitioner should attach to his written response a copy of any K.S.A. 60-1507 motion currently pending in state court.

**IT IS SO ORDERED.**

DATED:   This 13th day of April, 2026, at Kansas City, Kansas.

S/ John W. Lungstrum
JOHN W. LUNGSTRUM
United States District Judge

6